IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH KOPACZ, R43439, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| | ) Case No. 25-cv-1299-DWD |
| DR. HLA, DR. STUTZ, OFFICER VAUGHN, | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Joseph Kopacz, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Big Muddy River Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Plaintiff alleges that the Defendants ignored his reports of threats to his safety between September and November of 2022, and that he was ultimately injured by the very assailant he previously reported in December of 2022.

The Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual

allegations of the *pro se* complaint are to be liberally construed. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

In September and October of 2022, Plaintiff repeatedly informed Defendants Dr. Hla and Dr. Stutz of threats to his safety from a specific fellow inmate. He voiced his concerns during mental health visits. Prior to reporting his concerns, Plaintiff had been struck by the alleged assailant on multiple occasions. He claims that Hla and Stutz deliberately disregarded his reports and failed to offer any help.

From October 1, 2022, thru November 30, 2022, he complained to Defendant Vaughn on at least three occasions that he was worried this specific assailant would harm him. Plaintiff told Vaughn that the individual was exhibiting aggressive behavior and that it caused him to fear for his safety. Vaughn did nothing.

On December 8, 2022, the previously identified assailant struck Plaintiff in the right ear while he was using the restroom. The blow caused Plaintiff's ear to bleed, and it caused "subsequent physical injury." (Doc. 6 at 3). Plaintiff faults Vaughn for exhibiting deliberate indifference to the concerns he voiced prior to the attack.

Based on the allegations in the Complaint the Court designates the following count:

> **Claim 1:** Eighth Amendment deliberate indifference or failure to protect claim against Defendants Hla, Stutz, and Vaughn for their response to Plaintiff's reports from September of 2022-November of 2022.

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## DISCUSSION

Given that Plaintiff's allegations concerned an incident nearly 2.5 years prior to his filing of the complaint, the Court initially directed Plaintiff to show cause about the timeliness of his filing the complaint relative to the two-year statute of limitations. (Doc. 7). Plaintiff responded on October 20, 2025, by contending that he did not get a grievance response about this incident from the final level of review until July 7, 2023. (Doc. 9). An inmate cannot sue until he completes the exhaustion process, so his filing of the complaint on June 30, 2025, was just within two years from July 7, 2023, and for now the Court is satisfied that he has discharged the obligation to show cause. If the parties wish to further contest the statute of limitations, they remain free to do so later in this litigation.

To establish a failure to protect claim under the Eighth Amendment, a plaintiff must allege "(1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). But "prisons are dangerous places.

Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Negligence is not enough to support a deliberate indifference claim. *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021).

A plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010); *see also Saunders v. Tourville*, 97 Fed. App'x 648, 649 (7th Cir. 2004) (finding that an inmate failed to state a failure to protect claim for being labeled as a snitch where he did not identify any physical harm that occurred, and instead simply stated he was at risk of physical harm). A general risk of harm is not sufficient, an inmate must demonstrate that he alerted staff to a specific risk. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). A prison official who intentionally or with reckless indifference exposes an inmate to psychological harm or a heightened risk of future injury may be liable, even if no attack occurred. *See Wright v. Miller*, 561 Fed. Appx. 551, 555 (7th Cir. 2014) (citing *Irving v. Dormire*, 519 F.3d 441, 449 (8th Cir. 2008) (concluding that guard's alleged attempts to induce other inmates to assault plaintiff prisoner "posed a substantial risk of serious harm to [the prisoner's] future health")).

Here, Plaintiff's allegations are sufficient to plausibly suggest he informed the three defendants of specific threats to his safety from a specific individual, and they failed to act. Plaintiff may proceed on Claim 1 against all three defendants.

DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 1** survives against Defendants Dr. Hla, Dr. Stutz, and Officer Vaughn.

The Clerk of Court is **DIRECTED** to prepare for Defendants Hla, Stutz, and Vaughn: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 6), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

**IT IS SO ORDERED.**

**DATED:**  December 4, 2025                    */s/ David W. Dugan*

                                                                    ─────────────────────
                                                                    DAVID W. DUGAN
                                                                    United States District Judge

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.